UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 09-10079-GAO

UNITED STATES OF AMERICA

v.

EDWARD JAMAL WHITE,
Defendant.

OPINION AND ORDER
November 3, 2009

O'TOOLE, D.J.,

The defendant, Edward Jamal White, is charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He has moved to suppress a firearm and ammunition found on his person during a warrantless search, arguing that the police lacked reasonable suspicion to stop him. For the reasons discussed below, both his request for an evidentiary hearing and his motion to suppress are DENIED.

**I.      Summary of Facts**

From the parties' submissions, it appears that the following facts are not subject to dispute:

Around 2:25 a.m. on January 3, 2009, Boston police officers responded to the report of a shooting at the intersection of Dudley and Adams Streets in Roxbury, Massachusetts. Officer John Rogers was working a detail at a nearby restaurant when he heard gunshots. As he was driving toward the area where the shots had occurred, he learned over his radio that a victim had been found who told police that he had been shot by two unknown black males each dressed all in black. He said the men had fled on foot on Adams Street in the direction of Eustis Street and

Orchard Park. Rogers observed two men walking on Gerard Street from Norfolk Street towards Allerton Street who fit the description given by the wounded man, and he monitored the men until other officers arrived.

As police cruisers approached the two men, one of them, later identified as the defendant, began to run down Gerard Street towards Massachusetts Avenue, grabbing his right side as he ran. Officers caught up with the defendant and, during a struggle, Officer Steven Wosny felt what appeared to be a firearm in the defendant's jacket pocket. Wosny removed the firearm, and the defendant was arrested.

## II.    Discussion

The defendant argues that police lacked reasonable suspicion to stop him.[1] In light of the facts described above, I disagree. Although the victim's description of his assailants as two black men dressed in black is highly generalized, that does not mean that Officer Rogers' observation of two men matching that description cannot be *a* factor that, when combined with others, gives rise to reasonable suspicion. Such other factors were present here. The two men were observed by Officer Rogers at an early hour of the morning in a location that was consistent in distance and direction with the victim's observations of his assailants' flight. When approached by police cruisers, the defendant fled. See Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (defendant's unprovoked flight may be taken into account, and "evasive behavior is another pertinent factor in determining reasonable suspicion"); United States v. Scott, 270 F.3d 30, 41 (1st Cir. 2001) ("An individual's flight from police combined with other observations by a police officer may support reasonable suspicion for detention . . . ."). While running away from the officers, the defendant

---

[1] It is not disputed that the defendant was not seized within the meaning of the Fourth Amendment until he was physically caught by the police after fleeing. See California v. Hodari D., 499 U.S. 621, 626 (1991).

grabbed at his waist in a manner consistent with an effort to keep control of an object, such as a firearm. Taking all these circumstances into consideration, there was clearly a basis for reasonable suspicion that the defendant was one of the men described by the victim as his assailants.

The defendant requests an evidentiary hearing, but has not submitted an affidavit or any other evidence that would controvert any of the material facts of the encounter as they appear in the several police reports. "A criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Panitz, 907 F.2d 1267, 1273 (1st Cir. 1990). The defendant must make "a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." United States v. Staula, 80 F.3d 596, 603 (1st Cir. 1996). The defendant does not attempt to make such a showing, and simply requests an evidentiary hearing without explanation. The request for an evidentiary hearing is therefore denied.

### III.   Conclusion

For the foregoing reasons, the defendant's motion to suppress and request for an evidentiary hearing are DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge